UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSE LOPEZ-POTENCIANO,<br><br>Petitioner,<br><br>v.<br><br>NATHALIE ASHER, ICE Field Office Director,<br><br>Respondent. | Case No. C12-698-MJP-BAT<br><br>**REPORT AND RECOMMENDATION** |

## I.   INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Jose Lopez-Potenciano has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his continued detention and seeking either supervised released or a bond hearing.  Dkt. No. 1.  Petitioner has been detained without bond since January 20, 2012, pending a determination on whether he is to be removed from the United States.  Respondent has filed a Return Memorandum and Motion to Dismiss arguing that petitioner is lawfully detained pursuant to Section 236(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226(a), in removal proceedings.  Dkt. No. 8.

For the reasons set forth below, the Court recommends that petitioner's habeas petition be **DENIED**, respondent's motion to dismiss be **GRANTED**, and this matter be **DISMISSED** with prejudice.

REPORT AND RECOMMENDATION- 1

## II. BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Mexico who entered the United States without inspection at an unknown place and date. Administrative Record ("AR") L136. The United States Immigration and Customs Enforcement ("ICE") first encountered petitioner on May 9, 2010, after he was arrested for Driving Under the Influence ("DUI"). AR L135. Petitioner was remanded to ICE custody on May 11, 2010, and served with a Notice to Appear, charging him as removable from the United States for being present in the United States without being admitted or paroled by an immigration officer. AR L17. On May 25, 2010, an Immigration Judge ("IJ") granted petitioner release under bond of $5,000. AR L22. Petitioner posted bond and was released the same day. AR R46-57.

On July 22, 2010, petitioner came to ICE's attention again after he was sentenced to 48 hours incarceration for reckless driving. AR L135. Petitioner was again remanded to ICE custody and released under the prior $5,000 bond pending his removal hearing. AR L135. On January 7, 2012, ICE encountered petitioner for the third time after he was arrested for a probation violation stemming from his prior DUI, and sentenced to ten days incarceration. *Id*.

On January 20, 2012, petitioner was transferred to ICE custody. AR L135, L111. ICE made an initial custody determination that petitioner be detained without bond pending his removal hearing. AR L110. On March 20, 2012, petitioner received a bond redetermination hearing before an IJ who ordered that petitioner's bond remain at "no bond." AR L124. Petitioner appealed the IJ's bond decision to the Board of Immigration Appeals ("BIA"), which remains pending. AR L142-45.

On April 20, 2012, petitioner filed the instant habeas petition, challenging the lawfulness of his continued detention with bond. Dkt. No. 1.

REPORT AND RECOMMENDATION- 2

### III.   DISCUSSION

Section 236 of the INA provides the framework for the arrest, detention, and release of aliens in removal proceedings. *See* INA § 236, 8 U.S.C. § 1226. That provision provides the Attorney General with discretionary authority to release an alien on bond or conditional parole pending the completion of removal proceedings. *See id.* Section 236(a) provides, in part, as follows:

> On a Warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) of this section and pending such decision, the Attorney General –
>
> (1) may continue to detain the arrested alien; and
> (2) may release the alien on –
>     (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>     (B) conditional parole . . .

8 U.S.C. § 1226(a). The Attorney General "at any time may revoke a bond or parole authorized under subsection (a) of this section, rearrest the alien under the original warrant, and detain the alien." INA § 236(b), 8 U.S.C. § 1226(b).

In a bond hearing, the burden is on the detainee to show to the satisfaction of the immigration judge that he warrants release on bond. *See Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006). In making a bond decision, "an Immigration Judge must consider whether an alien who seeks a change in custody status is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk." *Matter of Guerra*, 24 I&N Dec. at 40 (citing *Matter of Patel*, 15 I&N Dec. 666 (BIA 1976)). The factors commonly considered in making a bond decision include: "(1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United

REPORT AND RECOMMENDATION- 3

States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee persecution or otherwise escape authorities, and (9) the alien's manner of entry to the United States." *Matter of Guerra*, 24 I&N Dec. at 40.

In the present case, the administrative record shows that petitioner received a bond redetermination hearing on March 20, 2012, before an IJ who ordered that petitioner's bond remain at "no bond." AR L124. Petitioner filed an appeal of the IJ's bond decision, which remains pending. Thus, petitioner has received all of the benefits of due process to which he is entitled. *See Prieto-Romero v. Clark*, 534 F.3d 1053, 1066 (9th Cir. 2008). Furthermore, the Court is without jurisdiction to review the IJ's discretionary bond determination under INA § 236(e).

Section 236(e) provides:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.

INA § 236(e), 8 U.S.C. § 1226(e). An "alien may appeal the IJ's bond decision to the BIA, *see* 8 C.F.R. § 236.1(d), but discretionary decisions granting or denying bond are not subject to judicial review, see § 1226(e)." *Prieto-Romero*, 534 F.3d at 1058. Although the Court retains jurisdiction to review discretionary decisions where the detention violates due process or exceeds statutory authority, petitioner's case presents nothing more than a challenge to the IJ's discretionary judgment and does not license this Court to review the IJ's decision to deny bond.

REPORT AND RECOMMENDATION- 4

As the petitioner fails to articulate any constitutional or statutory claim with regards to the IJ's bond determination, the Court agrees with respondent that this claim should be dismissed for lack of subject matter jurisdiction.

## IV.   CONCLUSION

For the foregoing reasons, the undersigned recommends that petitioner's habeas petition be **DENIED**, respondent's motion to dismiss be **GRANTED**, and this matter be **DISMISSED** with prejudice.  A proposed order accompanies this Report and Recommendation.

Any objections to this Report and Recommendation must be filed and served upon all parties no later than **August 20, 2012.**  If no objections are filed, the matter will be ready for the Court's consideration on **August 24, 2012**.  If objections are filed, any response is due within 14 days after being served with the objections.  A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served.  Objections and responses shall not exceed ten pages.  The failure to timely object may affect the right to appeal.

DATED this 30th day of August, 2012.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge